## HOSTETTLER v. COMMERCIAL CREDIT CO.

No. 24546.   March 24, 1936.

Rehearing Denied April 21, 1936.

Brown Moore, for plaintiff in error.

Pierce, McClelland, Kneeland & Bailey, for defendant in error.

PHELPS, J.   The trial court directed a verdict for the plaintiff. Defendant appeals, contending that there was a conflict of evidence on the material and determining issues of the case.

The plaintiff, with its office in Oklahoma City, was the owner of an automobile. It placed this automobile in the hands of a dealer in Guthrie, who put it on display in his store, for sale. The transaction was evidenced by what was termed a "trust receipt," granting the dealer the power to buy or sell the automobile, in which latter case the dealer should remit the proceeds to the plaintiff. The instrument was not recorded. At or following this time the dealer was indebted to the defendant in a sum which was about $400 less than the purchase price of the automobile. An instrument called a "trade acceptance" was signed by the dealer whereunder he agreed to pay plaintiff a certain amount for the car, but the dealer could sell the car in the meantime, remitting to the plaintiff the purchase price. The dealer had paid a part of the face amount of the "trade acceptance," and the balance due thereon in January of 1932 was $732. It appearing in the beginning of that month that the dealer was neither able to pay for nor sell the car, he turned it over to the plaintiff, who took it to Oklahoma City and kept it there until the latter part of January, 1932. At that time the dealer informed the plaintiff that he had a prospective purchaser, and the result was that plaintiff took the car to Guthrie and parked it on a street there. While it was so parked, the defendant surreptitiously entered the car and drove it away, whereupon plaintiff instituted this action of replevin against the defendant. The dealer is not a party to the action.

At the trial the foregoing facts were put in evidence by the plaintiff. The defendant then testified to the following effect: That while the car was on display in the dealer's display room, he came to an agreement with the dealer whereunder he would cancel the dealer's indebtedness of $760 to him and would pay the dealer $482 more, for the car in question. Defendant testified that he paid the remainder of $482 in installments from time to time. He could give no coherent account of when the money was paid; stated that he did not have any evidence in the form of canceled checks or receipts for such payments; that he had kept no account of said payments; that his last payment was $332 in cash, for which he took no receipt, and that that was the way he customarily did business (he had been in business 12 years). Further, that he did not know how long he had had this $332 on his person, that it might have been for one or two or three or four years, and that he did not know how many years it was; that from the time he bought the car he left it with the dealer on display in the same display room, did not obtain or request that the dealer give him a certificate of title, that he left the same dealer's license plate on the car and never obtained one for himself, and did not know why he failed to get a license; that he never got a certificate of title at any time or from any source, —this in spite of the fact that he owned another car upon which he evidently must have paid a license fee each year, which he could not have obtained without a certificate of title. The defendant admitted that

he had kept the car at his own home over night only two or three times during the several months that he claimed the automobile was his. He testified that during this time, when the car was remaining in the dealer's display room with other new cars, the dealer was attempting to sell it to other people and that defendant himself suggested to the dealer certain prospective purchasers, and that because the dealer was his friend he was attempting to help the dealer sell the car. No other inference is permissible from the evidence than that the defendant habitually permitted the car to remain on display in the dealer's store, and that the relatively few times when the defendant removed the car from the store were much the exception instead of the rule.

We pass over comment upon the inherent improbability of defendant's testimony. The directed verdict has a solider basis. Section 10008, O. S. 1931, provides that:

"Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or incumbrancers in good faith subsequent to the transfer."

The car remained on display for apparent sale, in the dealer's display room, during the entire six months from the time plaintiff first delivered it to the dealer until plaintiff reclaimed it from the dealer, all of which time plaintiff was a creditor. Plaintiff's agent frequently saw the car there, in apparently the same status as in which it had been placed there. Even during the month of January, 1932, when it had been retaken by and was in possession of plaintiff, defendant made known no claim of ownership. From the viewpoint of outward manifestation, his claim of ownership was almost secretive and his eventual overt act of possession was entirely so.

It cannot be denied that the plaintiff was at least a general creditor of the dealer, even though the "trust receipt" was not recorded. Even as such general creditor the plaintiff was entitled to the benefit and protection of the foregoing section. If the defendant did in fact pay the dealer the balance of the purchase price of the car, the defendant's own evidence indicates a total absence of (1) immediate delivery, (2) actual change of possession, (3) continued change of possession. As against creditors the statute requires an immediate delivery, followed by an actual and continued change of possession. In the instant case there was neither. Though the defendant contends in his brief that it is quite common for car owners to keep them stored in garages, such storage is not the kind which we have in the instant case. The character of the dealer's possession was here described by the defendant himself as that of a bailee for sale (though he did not use those words), and the defendant, according to his own testimony, suggested prospective purchasers. The instant case is one of the several identical situations at which the statute was aimed.

There are several other propositions advanced by the defendant, which we have examined and find without sufficient merit to review.

Judgment affirmed.

McNEILL, C. J., and BAYLESS, CORN. and GIBSON, JJ., concur.